UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WEIRTON ASSOCIATION,

    Plaintiff/Counter-Defendant,

v.                                      Case No. 11-14956

WOODWARD DETROIT CVS, LLC,

    Defendant/Counter-Plaintiff.

                                              /

**ORDER GRANTING DEFENDANT'S MOTION TO COMPEL**

Defendant operated a drug store in Plaintiff's building but terminated the lease in March, 2011. Plaintiff sues, alleging that Defendant breached the lease by leaving; Defendant counterclaims, alleging that Plaintiff breached the lease by failing to fix a leaky roof. Defendant moves to compel Plaintiff to allow noninvasive testing of the roof and the building. Plaintiff responds that testing today proves nothing useful about the building as it stood before and when Defendant left.

The success or failure of the counterclaim depends on the state of the building and its roof in early 2011. Although about twenty months have passed since then, Defendant seeks to inspect the same building that it occupied. So far as the record shows, the building has remained both vacant and untouched since Defendant left. The tests Defendant asks to conduct seem undoubtedly "relevant to the subject matter involved in the action." Fed.R.Civ.P. 26(b)(1).

Plaintiff vigorously opposes the proposed testing. But Plaintiff never explains how its argument that testing now proves too little undermines the testing's relevance

rather than merely the testing's persuasiveness.  If necessary, Plaintiff may of course attempt to undermine the results of each test during a cross-examination at trial.  In any case, Plaintiff's attack on the requested testing fails.  Plaintiff provides no technical analysis showing that testing now cannot prove anything; rather, Plaintiff stridently repeats its main conclusion while providing no factual support.[1]

Plaintiff claims Defendant acknowledged in a February, 2011, email that the roof was in good condition.  The email, however, appears plucked from a longer chain, and the lack of context renders the email's meaning obscure.  For example, the email said that the building appeared "suitable for []occupancy," but the email also requested more

---

[1] A few examples illustrate the tone: "Any . . . inspecting and testing [of] the proposed areas **today** would **not** lead to any evidence demonstrating whether [] the repairs worked" (Resp. p.1, Dkt. # 22); "Any inspection and testing conducted today . . . would be thoroughly misleading, prejudicial and confusing" (p.1); "The condition of the property **today** [] has absolutely **no relevance**" (p.8); "No . . . inspecting and testing of the leased premises . . . conducted now will be logically or legally relevant" (p. 8); "[No] evidence gathered [could] lead to the discovery of any admissible evidence" (p.8); "Any testing results today . . . cannot be fairly representative" (p.10); "No information gathered **today** . . . would show [the condition of] the roof [at] **year end 2010**" (p.10); "no results yielded . . . would be admissible to show the state [] of the premises *at the time*" (p.11); "any . . . inspecting and testing of the leased premises today is not logically or legally relevant" (p.11); "no information gathered . . . would lead to admissible evidence" (p.11); "Any testing results garnered from inspection and testing . . . would not have any probative tendency" (p.11); "any findings from an inspection and testing **today** are incapable of representing or showing the condition of the areas at [the time]" (p.11); "no testing will have any bearing on the overriding issue" (pp.11-12); "any inspection and testing would be a waste of time and resources" (p.12); "any evidence gathered as a result of inspection and testing today would be unduly prejudicial" (p.12); "Any results obtained from a *new* inspection and testing of the leased premises . . . **today** is . . . irrelevant" (p.13); "CVS is attempting to go on a fishing expedition . . . with no logical connection or purpose other than to obtain information that is irrelevant" (p.15); "No testing results today will answer . . . whether [the roof was fit at the time]" (p.15); "The Rule 34 request proffered by Defendant . . . can only produce results that are misleading and confusing [about] the state of the premises *at the* time" (p.15); "CVS's request falls outside the scope of permissible discovery" (p.15) (bold, italics, and bolded italics always in original).

2

testing to determine whether "the roof is now moisture-tight."  (Dkt. # 22 Ex. E.)  Moreover, Defendant could find the roof acceptable in February, 2011, and still discover problems before the March 2011 lease termination.

Plaintiff argues that Defendant should have conducted tests before leaving the building.  "Up until [Defendant] wrongfully terminated its lease," Plaintiff writes, "[Defendant's] own experts had ***unfettered access*** to the leased premises."  (Resp. 9 (emphasis in original).)  Obviously, whether Defendant "wrongfully" terminated the lease is the issue in dispute; Defendant cannot assume Plaintiff's liability and then foist on Plaintiff the duty to conduct tests in anticipation of getting sued.  Plaintiff argues also that Defendant should have asked to conduct the tests earlier in the litigation.  When Plaintiff requested testing, however, the discovery deadline was more than seven weeks away.  (Dkt. # 21 Ex. E; Dkt. # 19.)

Defendant's request to conduct noninvasive testing was reasonable; Plaintiff's forcing a motion to compel and a judicial order was not.  Accordingly,

IT IS ORDERED that Plaintiff's motion to compel [Dkt. # 21] is GRANTED.  Plaintiff must allow Defendant to conduct noninvasive testing of the entire building (the former CVS; the former Farmer Jack; everything) beginning on a day proposed by the Plaintiff and agreed to by each party but in no event later than **December 3, 2012**.  A party may move to briefly extend the discovery deadline as necessary to complete the testing.

IT IS FURTHER ORDERED that by **November 16, 2012**, Defendant may submit a motion in accord with Federal Rule of Civil Procedure 37(a)(5)(A).

s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  November 2, 2012

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, November 2, 2012, by electronic and/or ordinary mail.

s/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522

S:\Cleland\JUDGE'S DESK\C2 ORDERS\11-14956.WEIRTON.MotionCompel.ckb.wpd